UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-CV-10083-RWZ

GENWORTH LIFE AND ANNUITY INSURANCE COMPANY, Plaintiff

v.

CHRISTINE LEONELLI-ELMER, HAROLD LEONELLI, ERIC ELMER, CHRISTOPHER ELMER, and PETER ELMER, Defendants

CHRISTINE LEONELLI-ELMER and HAROLD LEONELLI, Counter-Claimants and Cross-Claimants

v.

GENWORTH LIFE AND ANNUITY INSURANCE COMPANY, Counter-Defendants

v.

ERIC ELMER, CHRISTOPHER ELMER, and PETER ELMER, Cross-Defendants

ERIC ELMER and PETER ELMER, Cross-Claimants

v.

CHRISTINE LEONELLI-ELMER and HAROLD LEONELLI, Cross-Defendants

MEMORANDUM & ORDER

August 12, 2020

ZOBEL, S.D.J.

Genworth Life and Annuity Insurance Company, the issuer of a life insurance policy on the life of the deceased, David Elmer (hereafter "David"), brought this interpleader action to resolve conflicting claims for the policy proceeds by the

1

decedent's widow, Christine Leonelli-Elmer (hereafter "Christine") on one hand and two of his children from a prior marriage, Eric and Peter Elmer (hereafter "Eric" and "Peter") on the other.[1]  Christine was the sole beneficiary when the policy issued and until David's death.

Plaintiff paid the proceeds of the policy into court and has been dismissed with prejudice pursuant to an agreement for judgment (Docket #27).  The defendants filed cross claims against each other, which were followed by contentious discovery and, ultimately, a motion by Christine for summary judgment.  The essential facts are not in dispute.

Christine and David married on May 31, 2003.  Over time the marriage disintegrated and in June 2015 David brought an action for divorce in the Barnstable Probate Court on the ground of irretrievable breakdown.  Those proceedings lingered and at some point, while they were still pending, David became sick and, at 3:40 a.m. on October 18, 2018, he died.  The day before, on October 17, David executed a Durable Power of Attorney in which he named Eric as his agent and, in the early hours of October 18, 2018, "prior to David's death," Eric filled out a beneficiary designation request on David's behalf for "Peter, Christopher and Eric Elmer as equal primary beneficiaries" "for the Genworth Life Insurance Policy at issue".  Cross-Claim Defs.' Statement of Additional Facts ¶ 20 (Docket # 42).

Eric submitted the new beneficiary designation to Genworth on November 7, 2018.  On November 13, "Genworth notified Eric Elmer that the Power of Attorney executed by David Elmer did not give him the power to change the beneficiary of Policy

---

[1] A third son, Christopher Elmer, declined to participate in this lawsuit.

2

#2,983,866 to himself, Christopher Elmer and Peter Elmer." Cross-Claim Defs.' Statement of Additional Facts in Opp'n Mot. Summ. J. ¶ 10 (Docket # 41).

Eric and Peter assert that the Durable Power of Attorney allowed Eric to change the life insurance beneficiary. The argument is not necessary to the disposition of the summary judgment motion, which is fully resolved by Massachusetts law.

Massachusetts rules of court place an automatic restraining order on both parties in a divorce suit to prevent either from, *inter alia*, changing the beneficiary of any life insurance policy. Mass. R. Civ. P. 65(a), Supp. R. Prob. & Fam. Ct. 411(a)(3) ("Neither party shall directly or indirectly change the beneficiary of any life insurance policy . . . except with the written consent of the other party or by order of the court."). Christine did not authorize David to change the policy beneficiary. David moved the probate court for relief from the automatic restraining order on October 16, 2018. David passed away on October 18, 2018 at 3:40am before the probate court ruled on the motion.[2] Thus, until his death, David could not change the beneficiary to his life insurance policy in light of Rule 411. See Bedell v. Bedell, 893 N.E.2d 1219, 1220 (Mass. 2008) ("If [husband] had passed away before the divorce proceedings concluded and he had not been released from the provisions of the restraining order [under Rule 411], the assets in question would have passed to [his wife] rather than to his children."). Cross-Defendants offer no arguments or evidence regarding David's authority to change the life insurance beneficiary given the limitations imposed by Rule 411. Summary judgment for Christine is therefore proper.

---

[2] The probate court subsequently denied David's motion.

**Conclusion**

Christine's Motion for Summary Judgment (Docket # 34) is ALLOWED. Her Emergency Motion to Strike (Docket # 44) is DENIED. Eric and Peter's crossclaims for declaratory judgment are dismissed as moot.

|  |  |
|---|---|
| August 12, 2020 | /s/ Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |